UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE BROWNLEE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:18-cv-02983-SEB-TAB |
| WENDY KNIGHT, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Mr. Maurice Brownlee for a writ of habeas corpus challenges a prison disciplinary proceeding identified as CIC 18-03-0284. For the reasons explained in this Entry, Mr. Brownlee's habeas petition must be **denied.**

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

The disciplinary proceedings occurred while Mr. Brownlee was housed at the Correctional Industrial Facility. On March 19, 2018, Officer J. Stallworth wrote a conduct report charging Mr. Brownlee with offense B-202, possession of unauthorized substance. Dkt. 12-1. The conduct report states:

> On 3/19/18 at approx. 1:20PM I Officer J. Stallworth conducted a search in cell 21-2D. I found brown paper 3″ by 1″, Two pieces of rolled brown paper dipped in an unknown substance and a pieces [sic] of rolled toilet paper with pencil led [sic] attached to the end.

*Id.*

Pictures of the confiscated items were taken and Officer Stallworth completed a notice of confiscated property, which Mr. Brownlee refused to sign. Dkt. 12-2; dkt. 12-3.

Investigator Steven Hall completed a Suspicious Controlled Substance Confirmation form explaining that chemical tests are not available "to positively identify all controlled substances," so the prison relies "on the circumstances surrounding the items found and identified as synthetic marijuana or drug paraphernalia." Dkt. 12-4. Offense B-202 proscribes possession of "both paraphernalia and 'lookalike' substances" and any "items found that appear to be used for smoking/consuming controlled substances, including but not limited to . . . papers soaked in coffee (or other liquids) [or] suspicious torn pieces of paper . . . will constitute a violation of ADP B202 Possession or Use of a controlled substance." *Id.*

On March 22, 2018, the screening officer notified Mr. Brownlee of the charge and served him with a copy of the conduct report and the notice of disciplinary hearing (screening report). Dkt. 12-5. Mr. Brownlee did not request witnesses or physical evidence. *Id.* In the "witness" section of the report, the following is handwritten: "The paper was left in my cell by Sgt. Lawson and CO Cartegena. I was written up on this already. I brought paper to screening for evidence."

*Id.*

A disciplinary hearing was held on April 2, 2018. Dkt. 12-7. Mr. Brownlee pled not guilty and stated, "I was already written up for this. Sgt. Lawson left it in my cell." *Id.* The disciplinary hearing officer found Mr. Brownlee guilty after considering staff reports, Mr. Brownlee's statement, the "brown paper," and the "I & I supporting statement that item is in fact a 202." *Id.* Mr. Brownlee was sanctioned with a 60-day loss of earned credit time and a one-step credit class demotion. *Id.*

Mr. Brownlee filed appeals to the Facility Head and the Final Review Authority. Dkt. 12-8; dkt. 12-10. Both appeals were denied. Dkt. 12-9; dkt. 12-11. Mr. Brownlee then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Brownlee presents two challenges to his disciplinary hearing and subsequent finding of guilt. First, Mr. Brownlee asserts that the hearing officer's determination is not supported by sufficient evidence. Dkt. 2 at 3, 4. Second, Mr. Brownlee challenges the respondent's denial of his request to have the paper tested and to see the confiscated papers at his disciplinary hearing. Dkt. 1 at 5.

     1.     <u>Sufficiency of Evidence</u>

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more

lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Brownlee asserts that there is insufficient evidence to prove he was guilty of violating Code B-202. The version of Code B-202 in effect at the relevant time prohibited "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, at 3 (June 1, 2015).

Possession is defined as an item "[o]n one's person, in one's quarters, in one's locker or under one's physical control. . . . [O]ffenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing . . . assignment that are under their control." *See* IDOC Manual of Policies and Procedures, The Disciplinary Code for Adult Offenders, 02-04-101 at 5. Mr. Brownlee asserts that there was no way to ascertain whether the paper belonged to him or to his cell mate. Ownership, however, is not the issue. The conduct report states that the confiscated papers were found in cell 21-2D and Mr. Brownlee does not contend that this was not his cell. Dkt. 12-1. The fact that the confiscated items were in his cell shows that he possessed the items.

One of the reports relied upon by the hearing officer was the form "Suspicious Controlled Substance Confirmation." Dkt. 12-4. It states, in part, "[w]ithout a chemical test available to positively identify all controlled substances, the facility is going to rely on the circumstances surrounding the items found and identified as synthetic marijuana or drug paraphernalia. . . . Therefore, items found that appear to be used for smoking/consuming controlled substances,

including . . . objects with suspicious residue . . . rolling papers, suspicious torn pieces of paper . . . will constitute a violation of ADP B202 Possession or Use of a controlled substance." *Id*.

The hearing officer found Mr. Brownlee guilty based on the staff reports, Mr. Brownlee's statement, the brown paper, and the "I & I supporting statement that item is in fact a 202." Dkt. 12-7. This evidence is sufficient to support the hearing officer's decision that Mr. Brownlee was in possession of a controlled substance.[1] Mr. Brownlee is not entitled to relief on this basis.

2. Denial of Evidence

Mr. Brownlee also challenges the denial of certain evidence, including the confiscated papers and test results from the confiscated papers.

The parties dispute whether Mr. Brownlee requested evidence in a timely manner. The Court need not discuss this issue because this claim fails on the merits.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Although prisoners have a right to request evidence, they do not have the right to create new evidence which does not already exist because "[p]rison officials must have the necessary

---

[1] In Mr. Brownlee's petition, he contends that the appropriate standard of review is not the "some evidence" standard, but rather a preponderance of the evidence standard. Dkt. 2 at 4. However, Mr. Brownlee incorrectly states the standard of review applied in habeas cases. As previously noted, a hearing officer's decision need only rest on "some evidence." *Ellison*, 820 F.3d at 274.

5

discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 566. Moreover, petitioners have no right to laboratory testing. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test. . . Prison administrators are not obligated to create favorable evidence or produce evidence they do not have.").

The prison was not obligated to create or produce evidence it did not have. Therefore, Mr. Brownlee was not entitled to have the brown papers tested. With respect to any denial of the papers at the disciplinary hearing, there is a photograph of all confiscated evidence that was available to Mr. Brownlee. Dkt. 12-3. Moreover, Mr. Brownlee does not explain how the papers would be exculpatory in nature or would undermine the existing evidence that the hearing officer relied upon.

Accordingly, Mr. Brownlee is not entitled to relief on this claim.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Brownlee to the relief he seeks. Accordingly, Mr. Brownlee's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/13/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MAURICE BROWNLEE
173631
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov